IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TAWANA TERRELL JOHNSON**                                                          **PETITIONER**

**V.**                                                                      **NO. 3:25-CV-164-DMP-RP**

**SUPERINTENDENT MRS. WRENN,**
**et al.**                                                                            **RESPONDENTS**

## ORDER TRANSFERRING CASE TO FIFTH CIRCUIT

On May 28, 2025, Tawana Terrell Johnson filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254[1] in the United States District Court for the Western District of Tennessee, which was transferred to the Northern District of Mississippi on June 2, 2025. Docs. #1, #4. Johnson's May 28 petition is at least the second § 2254 petition she has filed. *See Johnson v. Mississippi*, No. 3:21-CV-166, 2022 WL 2791764 (N.D. Miss. June 29, 2022).

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to

---

[1] Though Johnson titled the filing, "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 & 2243," in substance it is a challenge to her Mississippi conviction and sentence for possession of marijuana. *See, e.g.*, Doc. #1 at 1 ("Petitioner … challenges the legality of her detention."); *id.* at 3 ("Petitioner has been held in Mississippi for nearly 10 years without legal authority …."); *id.* ("Petitioner has not committed any crime in Mississippi. The alleged offense occurred solely within Tennessee jurisdiction."). Because the proper vehicle for such a challenge is 28 U.S.C. § 2254, the Court construes the petition as seeking § 2254 relief.

28 U.S.C. § 1631, transfer such to the Fifth Circuit "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); *see In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) ("The district court has transferred the habeas petition to this court for a determination whether the successive petition should be allowed," citing 28 U.S.C. §§ 2244(a) and (b)(3)(C)).

Because Johnson has not obtained authorization to file a successive petition, in the interest of justice and judicial economy, her May 28 petition and the entire record in this case is **TRANSFERRED** to the Fifth Circuit Court of Appeals for a determination of whether she is allowed to file a successive § 2254 petition. This case is **CLOSED**.

**SO ORDERED**, this 12th day of June, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**